J-S65012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVIE BOYD | |
| Appellant | No. 2026 EDA 2016 |

Appeal from the Order June 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1102391-1996

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

JUDGMENT ORDER BY OLSON, J.:          **FILED DECEMBER 07, 2017**

Appellant, Stevie Boyd, appeals *pro se* from the June 13, 2016 order denying his petition for a writ of *habeas corpus*.  We vacate and remand for further proceedings consistent with this judgment order.

The factual background and procedural history of this case are as follows.  On October 2, 1996, Appellant shot his ex-wife, Stacey Buxton-Boyd ("Buxton-Boyd") as she stood outside her children's elementary school.  He then shot Lealoa Coles ("Coles"), who was waiting with Buxton-Boyd.  Both Coles and Buxton-Boyd died as a result of their gunshot wounds.

On May 1, 1998, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole after Appellant pled guilty to two counts of first-degree murder.[1]  Appellant did not file a direct

_____

[1] 18 Pa.C.S.A. § 2502(a).

appeal. Thereafter, Appellant filed multiple PCRA petitions. Those petitions were dismissed as untimely.

On March 25, 2014, Appellant filed a *pro se* document titled a petition for a writ of *habeas corpus*. The trial court treated the filing as a PCRA petition. On June 13, 2016, the trial court denied the petition. This timely appeal followed.[2]

Appellant presents two issues for our review:

1. Whether the [trial court] erred by dismissing Appellant's [filing titled a petition for a writ of *habeas corpus*] as untimely?

2. Whether the [trial court] improperly used its discretion to modify a Pennsylvania statute?

Appellant's Brief at 1 (certain capitalization omitted).

In his first issue, Appellant argues that the trial court erred in treating his petition for a writ of *habeas corpus* as a PCRA petition and dismissing that petition as untimely. He argues that the trial court should have treated the filing as a petition for a writ of *habeas corpus*. Whether a filing is properly construed as a PCRA petition or a petition for a writ of *habeas corpus* is a purely legal question. Therefore, our standard of review is *de novo* and our scope of review is plenary.

---

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Nonetheless, the trial court issued a Rule 1925(a) opinion on October 26, 2016.

Appellant argues that his confinement is illegal because the Pennsylvania Department of Corrections ("DOC") is unable to produce a written sentencing order. Such a claim properly sounds in *habeas corpus* as it is not cognizable under the PCRA. **Joseph v. Glunt**, 96 A.3d 365, 368 (Pa. Super. 2014) (citation omitted). Therefore, the trial court erred in treating Appellant's petition for *habeas corpus* as a PCRA petition.[3]

In his second issue, Appellant argues that the trial court erred in denying his *habeas corpus* petition. We conclude that the trial court erred by denying the petition based on the record before it. As this Court stated in **Joseph**, ordinarily the "record of [a] judgment of sentence maintained by the [trial] court [is sufficient to prove the authority for a petitioner's confinement.]" **Joseph**, 96 A.3d at 372. In this case, however, the Philadelphia Court of Common Pleas' Office of Judicial Records was unable to locate any portion of the record in this case prior to Appellant's *habeas corpus* petition. In other words, the trial court lost the first 18 years of the record. This includes the notes of testimony from the sentencing hearing, the written sentencing order, and the notes of testimony from the guilty plea hearing. Thus, the trial court had no record to support its decision that the DOC possesses authority to confine Appellant. Therefore, we vacate the trial court's order and remand this case to the trial court for proper reconstruction of the record. **See Commonwealth v. Johnson**, 139 A.3d 1257, 1270-1271 (Pa. 2016)

---

[3] The trial court appeared to recognize this error in its Rule 1925(a) opinion.

(discussing how our Supreme Court vacated a PCRA court's order under similar circumstances and gave directions to the PCRA court on how to properly reconstruct the record).

Application to Strike granted. Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2017